† SPAULDING *versus* GOODSPEAD.

A judgment in a writ of entry for the premises, and possession under it against the person apparently holding title, though he may have conveyed it by an *unrecorded deed*, but unknown to the levying creditor, is evidence of title against which *such grantee* can interpose no defence.

Nor can the claimants under such *grantee* set up any title *anterior* to the *judgment*, and which, if pleaded, might have defeated it.

ON REPORT from *Nisi Prius*, RICE, J., presiding.

WRIT OF ENTRY.

After the evidence was introduced the case was taken from the jury, and upon so much of the evidence as was admissible the Court were authorized to draw the inferences a jury might, and render judgment according to law.

The titles of the parties are fully stated in the opinion of the Court, which was drawn up by

TENNEY, J. — The demandant's title is under the levy of an execution in his favor against Charles O'Conner, upon the demanded premises, made on Sept. 17, 1849, and in season to preserve the attachment upon the original writ, which was made on Sept. 7, 1848. In support of this title, is introduced a judgment in a real action in favor of the demandant, against Edmund Fuller, instituted on Nov. 15, 1849, of which Fuller had notice the same day by a personal service of the writ upon him; and the writ of possession issued upon that judgment, with the return of an officer thereon, that he had delivered seizin and possession of the premises demanded to the demandant, on Oct. 17, 1851.

The tenant claims under a deed from Charles O'Conner, dated August 31, 1848, which was recorded on the day next succeeding, to Daniel Gifford, who gave a deed to Jonathan H. Fuller, on May 12, 1849, which was recorded Nov. 1, 1850. Jonathan H. Fuller made and delivered his deed of the premises to Edmund Fuller, dated Nov. 13, 1849, which was put upon record Nov. 1, 1850, and the latter deeded to Robert Elliot on Nov. 15, 1849, and the deed was recorded on Oct. 26, 1852.

The tenant also introduced the levy of an execution in favor of Jonathan H. Fuller, against Charles O'Conner, dated January 10, 1849, and within thirty days after the rendition of judgment, on which the execution issued, the premises having been attached on Sept. 5, 1848.

The suit of the demandant against Edmund Fuller, was commenced on the same day of the date of the deed from Fuller to Elliot. The case however discloses no evidence that the demandant had actual notice of this deed, sooner than the same was recorded. And as against the demandant, the grantee acquired no rights thereby, until after the former had been put into possession of the premises, by the officer who executed the writ of possession; and at that time he was concluded, by that judgment and subsequent proceedings. R. S., c. 91, § § 1 and 26.

Those persons claiming under Edmund Fuller, derived all the rights which they acquired subsequently to the recovery of the demandant against him, and can stand in no better position than he did. *Winslow* v. *Grindal,* 2 Greenl. 64.

The tenant can derive no benefit under the levy of Jonathan H. Fuller's execution against Charles O'Conner, even if the levy was sufficient to pass the debtor's interest in the land at the time of the attachment, which may be very doubtful. The deed of Jonathan H. Fuller to Edmund Fuller was given before the institution of the suit of the demandant against the latter, and after the completion of the levy of Jonathan H. Fuller's execution. The rights acquired under this levy were in Edmund Fuller, so that he could have defended the demandant's suit thereby, if he had chosen to do so. But since the recovery, this levy cannot prevail against the demandant's title.

*Tenant defaulted.*

*Bradbury & Morrill,* for the tenant.
*Libbey,* for demandant.